| | |
|---|---|
| DOMINICK CARACILLO,<br>7902 TYSONS ONE PLACE UNIT 2512<br>MCLEAN, VIRGINIA 22102<br><br>    Plaintiff,<br><br>v.<br><br>XAU VENTURES LLC,<br>798 CROMWELL PARK DRIVE, UNIT C<br>GLENBURNIE, MARYLAND 21061<br><br>and<br><br>JOSHUA LINDSEY,<br>1121 ANNAPOLIS ROAD #207<br>ODENTON, MARYLAND, 21113<br><br>    Defendants. | Civil Action No. 1:25-cv-2617 |

**MEMORANDUM OPINION AND ORDER**

Presently pending before the Court is Plaintiff Dominick Caracillo's Motion for Service of Process by E-Mail, in which Plaintiff requests an "order finding service of process satisfied by electronically sending the Complaint, this Order, and other relevant documents to Defendant's email, cashexllc@gmail.com" in accordance with Fed. R. Civ. P. 4(f)(3). (ECF No. 10). The Court has carefully considered Plaintiff's Motion for Service of Process by E-Mail (ECF No. 10) and its attachments attached thereto (ECF Nos. 10-1, 10-2). For the reasons set forth below, Plaintiff's Motion for Service of Process by E-Mail is granted.

To effectuate constitutional service of process, a plaintiff must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank*, 339 U.S. 306, 314 (1950). Plaintiff submits that service by email "is reasonably calculated under the

current circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections, particularly because Defendant Lindsey has recently communicated with Plaintiff's counsel…using email." In doing so, Plaintiff relies on e-mail correspondence to and from Defendant Lindsey (ECF No. 10-1) and multiple failed service attempts (ECF. No. 10-2). Plaintiff further urges service by e-mail is appropriate when a defendant conducts business online, uses e-mail regularly to do so, and encourages parties to communicate via e-email. (ECF No. 10 at 3).

Plaintiff is correct that Fed. R. Civ. P. 4(f)(3) authorizes service of process "by any means not prohibited by international agreement as the Court directs." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). According to the Complaint, Defendant Lindsey is Defendant XAU Ventures LLC's signor and obligor for a Loan Agreement under which Defendant XAU Ventures LLC is a borrower and Plaintiff is a lender. (ECF No. 1 at 3)[1]. Defendant Lindsey signed as "President of XAU Ventures." (ECF No. 1-1).

The Court recognizes the e-mail correspondence depicted in ECF No. 10-1 in which Plaintiff's counsel communicated with Defendant Lindsey, and Defendant Lindsey was responsive. (ECF No. 10-1). The Court further recognizes four failed personal service attempts, each at different addresses, with the exception of two attempts to Defendant XAU Ventures' listed registered agent's address. (ECF Nos. 10 at 2, 10-2 at 2-5). Though it is not entirely clear whether Defendant XAU Ventures conducts business online, Plaintiff's failed personal service attempts and Defendant Lindsey's responsiveness over e-mail suggest that while Defendant XAU Ventures LLC is not reachable at a physical address, it is reachable by e-mail. Therefore, the Court finds

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document. Where a document does not have an electronic filing stamp, the Court is referring to the page numbers at the bottom of the document.

3

that service by e-mail to cashexllc@gmail.com is reasonably calculated under these circumstances to apprise Defendant XAU Ventures of the action and present it an opportunity to present objections. *Cf. Rio Props., Inc.*, 284 F.3d at (permitting service by email on an international defendant); *Mullane* 339 U.S. at 314.

For the reasons set forth above, Plaintiff's Motion for Service of Process by E-Mail (ECF No. 10) is granted.

/s/

J. Mark Coulson
United States Magistrate Judge
September 18, 2025